### IRA BRYANT & another *vs.* SAMUEL DAMON & another.

An assignment, by the holder of a mortgage made to secure two notes, of all his " right, title and interest in the deed of mortgage, so far as the same is intended to secure the payment of the second note named therein, together with said second note," with a covenant of warranty against all persons claiming under the assignor, and saving only the mortgagor's right of redemption, transfers the mortgage as security, first for the payment of the note assigned with it, and then in trust to secure the payment of the other note retained by the assignor; and, if duly recorded, charges the estate with that trust in the hands of subsequent purchasers of the mortgage.

BILL IN EQUITY against Samuel Damon and John A. Hunt. The case was submitted to the decision of the court upon the following facts:

Solomon Parsons mortgaged certain parcels of land to Robert Young on the 23d of October 1837, to secure the payment of $400; and on the 13th of February 1838 conveyed one of these parcels to Danforth Burgess, who on the same day mortgaged it back to Parsons to secure the payment of two notes, one for $1,000, payable in nine months, the other for $2,250, payable in two years. On the 28th of March 1838 Parsons assigned to Frederick W. Paine, by deed duly recorded, all his " right,

title and interest to the said deed of mortgage, so far as the same is intended to secure the payment of the second note named in the condition of the said mortgage, together with said second note," and covenanted " to warrant and defend the same to the said Paine, his heirs and assigns, against the lawful claims and demands of all persons claiming by or under said Parsons, saving only to the mortgagor the right of redemption, as the law provides." On the 23d of June 1838 Parsons transferred to Rufus Hastings the note for $1,000, and on the 6th of April 1842 gave Young possession of the premises mortgaged to him, for the purpose of foreclosure, and indorsed a certificate thereof on the mortgage deed, and had it duly recorded. Hastings reassigned the note for $1,000 to Parsons on the 7th of March 1844. On the 6th of April 1844 Parsons conveyed by deed to the defendant Damon several parcels of the land, not including the Burgess lot, for the purpose of placing in his hands property sufficient to pay off the debt secured by the mortgage to Young, and on the same day Damon gave a bond to discharge that mortgage, in case the debt did not exceed $800, and on the 27th of May following paid the mortgage debt to Young, and took an assignment thereof to himself; and in the settlement of the transactions arising out of this assignment and bond, Damon charged Parsons with the amount paid to Young. On the 7th of November 1845 Paine conveyed all his right and title in the Burgess mortgage to Damon; and the defendant Hunt became the holder of that mortgage under mesne conveyances from Damon. The plaintiffs were the assignees for value from Parsons of the note for $1,000, and averred that Hunt held the Burgess mortgage in trust for the payment of that note, and that they were entitled to share *pro rata* in the benefit of that mortgage.

This case was argued and decided at October term 1855.

*E. Washburn,* for the plaintiffs, to the point that the holder of the Burgess mortgage took it subject to the trust expressed on its face, namely, as security for the two notes *pro rata,* as to the note of $2,250, for his own use; and as to the note of $1,000, in trust for the owner thereof; cited 2 Story on Eq. § 1016; *Crane* v. *March,* 4 Pick. 131; *Parsons* v. *Welles,* 17 Mass. 425;

*Root* v. *Bancroft*, 10 Met. 46 ; *Eastman* v. *Foster*, 8 Met. 19
*Ewer* v. *Hobbs*, 5 Met. 1 ; *Bates* v. *Norcross*, 14 Pick. 224 ; *Johnson* v. *Candage*, 31 Maine, 31 ; *Buck* v. *Swazey*, 35 Maine, 41 ;
4 Kent Com. (6th ed.) 303, 310.

*P. C. Bacon*, for the defendants, to the point that the assignment from Parsons to Paine of the mortgage and one of the mortgage notes, retaining the other note, without notice to Paine that it was in existence and unpaid, or that Parsons looked to the mortgage to secure it, and with an express warranty against all claiming under him, created no trust to secure that note, but was a waiver of any right to have it secured by the mortgage ; or, at most, would give the note assigned with the mortgage a priority of payment, cited *Eastman* v. *Foster*, 8 Met. 19 ; Gibson, C. J. in *Donley* v. *Hays*, 17 S. & R. 405 ; *Stockton* v. *Johnson*, 6 B. Mon. 408 ; *Langdon* v. *Keith*, 9 Verm. 299 ; *Ewing* v. *Arthur*, 1 Humph. 537 ; *M'Vay* v. *Bloodgood*, 9 Porter, 547 ;
1 Hilliard on Mortgages, 175, 176.

Thomas, J. Whether the entry by Young to foreclose was sufficient as against Burgess it is not necessary to determine, as the foreclosure was never perfected.

Parsons is not estopped to deny the validity of the foreclosure as against the Burgess estate, because he made a contract with Damon to redeem the estate. The assignment to Damon operated, so far at least as Parsons was concerned, as a release or discharge of the mortgage. It was done to protect the interest of Parsons, and Parsons had a direct interest in preventing its operation as a foreclosure, because he had covenanted with Burgess to discharge the estate conveyed to him of the Young mortgage, and because he was at the time the owner of the $1,000 note; and because also, in his settlement with Parsons, Damon charges him with the amount paid to discharge the mortgage. This fact is important in two ways; as showing the intent of parties that Damon should redeem, and as a waiver of the foreclosure, if any had been made.

The Burgess mortgage was never foreclosed. It was given for the payment of two notes, one of $1,000 and the other of $2,250. The mortgage was assigned to Paine, together with

Bryant & another v. Damon & another.

the note of $2,250. So far as this note was concerned, Paine held for his own use. So far as the $1,000 note was concerned, he held in trust for the owner of that note.

That trust affects as well the assignees of Paine, having notice on the face of the deed itself. Hunt is not a *bona fide* purchaser, without notice. The character of the mortgage appeared of record. He could not rightly conclude, from the fact that Parsons had given Young possession, that a foreclosure had taken place. He should have inquired and ascertained if the foreclosure was perfected.

It is said that Damon should have had notice at the time of the settlement. Such notice, if necessary, he had. Damon had all the papers; the record was before him. If he conveyed to Hunt by warranty, it was his own mistake.

The trust then still existing, what is its nature? We think it is a trust for the holder of the note of $1,000, after the note of $2,250 has been paid. This result seems to follow, whether we look at the situation of the parties and the circumstances under which the assignment to Paine was made, or the words of the assignment itself.

Paine paid full consideration for the note of $2,250; the mortgage was originally for the entire purchase money. It is most improbable therefore that Paine would take the mortgage, and pay tne entire value of the note of $2,250, and then hold in trust to secure himself *pro rata*.

The assignment itself points to the same result. Solomon Parsons, the mortgagee, in consideration of $2,250, conveys all his right, title and interest to the deed of mortgage, so far as the same is intended to secure the payment of the second note named in the same. Then follows the covenant to warrant and defend against the lawful claims and demands of all persons claiming by or under him, saving only to the mortgagor the right of redemption, as the law provides. We think the plain equitable construction of this assignment is, that Paine was to hold the mortgage as security for the note of $2,250; after such payment, he would hold the mortgage in trust for the holder of the $1,000 note.                    *Decree accordingly.*